IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 14-20614-CMB |
| Tina L. Venanzio, | Chapter 13 |
| Debtor. | Related to Doc. No. 49, 51 |
| Ronda J. Winnecour, Trustee, | |
| Movant, | |
| vs. | |
| U.S. Bank, National Association, Trustee for Pennsylvania Housing Finance Agency, | |
| Respondent. | |

*Appearances:* Ronda J. Winnecour, Esq., Chapter 13 Trustee, Movant
Leon Haller, Esq., for Respondent U.S. Bank, National Association, Trustee for Pennsylvania Housing Finance Agency

## MEMORANDUM OPINION

The matter before the Court is the *Trustee's Objection to Late Filed Secured Claim* ("Objection")[1] filed by Movant, Ronda J. Winnecour, Chapter 13 Trustee ("Trustee Winnecour"), at Doc. No. 49. Trustee Winnecour seeks to disallow Proof of Claim No. 24 filed by U.S. Bank, National Association, Trustee for Pennsylvania Housing Finance Agency ("Respondent"), to the extent the claim contradicts Debtor's confirmed chapter 13 plan.

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A), (B), and (O) and the Court will enter final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2593 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion entered shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

Respondent argues that the confirmed plan cannot modify its lien for prepetition arrears. A hearing on the Objection was held March 13, 2019, and briefs were submitted by the parties. Oral argument was heard on July 2, 2019. The matter is now ripe for decision.

## Background

Debtor Tina L. Venanzio ("Debtor") filed for relief under chapter 13 of the Bankruptcy Code on February 20, 2014. Debtor filed a chapter 13 plan on February 25, 2014 at Doc. No. 9. Debtor included prepetition arrearages to Respondent in the amount of $4,895.00 in Section 3(a) of her plan, which provided for "Long Term Continuing Debts Cured and Reinstated, and Lien (if any) Retained." No objections to the plan were filed, and the plan was confirmed on September 11, 2014. Respondent has never challenged notice or service of the plan or Confirmation Order during the course of the Debtor's case. At no point prior to confirmation did Respondent file any proof of claim or objection to Debtor's plan.

All non-government proofs of claim were due June 23, 2014. Proof of Claim 24 was filed on June 23, 2015, exactly one year after the bar date had expired. The Claim filed by Respondent provides for arrears in the amount of $10,453.78. Trustee Winnecour filed an Objection to Proof of Claim No. 24 on January 23, 2019. Based on Trustee Winnecour's representations during oral argument, Debtor has completed all payments contemplated under the chapter 13 plan, including all payments due to Respondent under the plan. Accordingly, Trustee Winnecour takes the position that the mortgage arrears have been fully cured and Respondent is barred from claiming any additional amount.

## Analysis

With the foregoing facts in mind, this Court must address whether to sustain or overrule Trustee Winnecour's Objection to Proof of Claim No. 24. Trustee Winnecour raises two main

2

arguments as to why Proof of Claim No. 24 should be disallowed: (1) the claim was filed untimely, and (2) Debtor's confirmed chapter 13 plan is res judicata as to the amount of arrears to be paid to Respondent. The Court will address both arguments.

I. Timeliness of Proof of Claim

A claim is deemed allowed unless it is properly objected to by a party in interest, as provided for in 11 U.S.C. § 502(b). Upon objection, a claim may be disallowed to the extent that it was not timely filed pursuant to 11 U.S.C. § 502(b)(9). *See Wells Fargo Bank, N.A. v. Heyden (In re Heyden)*, 570 B.R. 489, 493 (Bankr. W.D. Pa. 2017).

It is uncontested that Proof of Claim No. 24 was filed untimely. All non-government proofs of claim were due June 23, 2014. Claim 24 was filed on June 23, 2015, exactly one year after the bar date had expired. Trustee Winnecour filed a proper objection to Claim No. 24 on January 23, 2019 on grounds that it was untimely and conflicted with the confirmed chapter 13 plan. Proof of Claim No. 24 is disallowed pursuant to § 502(b)(9) to the extent it claims arrears in an amount that exceeds the arrears provided for in Debtor's plan. Proof of Claim 24 contained a claim for arrears in the amount of $10,453.78, which is $5,558.78 higher than the arrears provided for in the Debtor's plan ($4,895.00). Therefore, Respondent's Proof of Claim is disallowed in the amount of $5,558.78.

II. Res Judicata Effect of a Confirmed Plan

Section 1322(b)(5) of the Bankruptcy Code provides in relevant part that a chapter 13 plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due." Section 1322(b)(5) allows a debtor to make regular maintenance payments and cure any arrears that exist on a mortgage

during the pendency of a bankruptcy case. *See Rogel v. Deutsche Bank Nat'l Trust Co. (In re Rogel)*, 425 B.R. 231, 234 (Bankr. W.D. Pa. 2010) ("Section 1322(b)(5) of the Bankruptcy Code allows a debtor to retain its encumbered property by curing any defaults and reinstating the original mortgage."). The requirement that the default be paid within a "reasonable time" is generally held to mean that the default must be paid within the life of the plan. *See Tavella v. Golden Nat'l Mortgage Co. (In re Tavella)*, 191 B.R. 637, 641–42 (Bankr. E.D. Pa. 1996). This ability to cure allows debtors to obtain a discharge and then commence with payments on long-term secured debt as if no default had occurred. *See In re Schwartz*, 68 B.R. 376, 378 (Bankr. E.D. Pa. 1986). Section 1322(b)(5) thus enables a debtor who successfully completes her chapter 13 case to obtain a "fresh start."

Once a plan is confirmed, section 1327(a) of the Bankruptcy Code provides that the plan provisions "bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." The Third Circuit has repeatedly held that a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation, pursuant to § 1327. *See In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989); *Zardinovsky v. Arctic Glacier Income Fund (In re Arctic Glacier Int'l, Inc.)*, 901 F.3d 162, 166 (3d Cir. 2018); and *Donaldson v. Bernstein*, 104 F.3d 547, 554 (3d Cir. 1997).

The preference for finality of confirmation orders is so strong that in certain circumstances the terms of a confirmed plan control even when they fail to comply with sections 1322 and 1325. *In re Szostek*, 886 F.2d at 1409 ("[I]t is quite clear that the binding effect of a chapter 13 plan extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order, including whether the plan complies with sections 1322

4

and 1325 of the Bankruptcy Code.") (citing 5 Collier on Bankruptcy, § 1327.01 (5th ed. 1988)). *See also In re Bryant*, 323 B.R. 635, 639 (Bankr. E.D. Pa. 2005) ("*Szostek* makes clear that plans that would not be confirmable due to provisions that do not conform to applicable law will nonetheless be given effect if an objection is not raised prior to entry of the confirmation order.").

For example, modification of a security interest in the debtor's principal residence is generally prohibited pursuant to § 1322(b)(2). Debtors enjoy the ability to cure and reinstate a debt under § 1322(b)(5) "notwithstanding" § 1322(b)(2). *See* 11 U.S.C. 1322(b)(5). However, where a confirmed plan incorrectly states the amount of arrears, effectively modifying the underlying secured claim, some courts have held that the plan controls regardless of its technical violation of § 1322(b)(2). *See In re Gordon*, No. 10-13885 EEB, 2011 Bankr. LEXIS 3848 (Bankr. Colo. March 25, 2011) ("Where a plan provides for a particular arrearage amount and that plan is confirmed and performed, courts have held that the arrearage amount listed in the plan is binding on the home mortgage creditor, even if the arrearage amount listed in the plan is incorrect."). Other courts have held that a confirmed plan does *not* violate the anti-modification clause of § 1322(b)(2), even where the amount of arrears to be cured under the plan was incorrect, where the debtor elects to cure and reinstate the mortgage under § 1322(b)(5). *See McDonald v. Bank Fin. (In re McDonald)*, 336 B.R. 380 (Bankr. N.D. Ill. 2006). In either case, if a confirmed plan finally determines the amount of arrears to be cured under § 1322(b)(5), and the affected creditor fails to object despite receiving proper notice, the amount of arrears as stated in the plan controls.

Bankruptcy courts within the Third Circuit have repeatedly held that the amount of arrears as determined by a confirmed plan is res judicata, even where the arrears are stated

incorrectly. *See Miller v. Countrywide Home Loans (In re Miller)*, 99-25616-JAD, 2007 Bankr. LEXIS 31 (Bankr. W.D. Pa. Jan. 9, 2007); *Wells Fargo Home Mortg., Inc. v. Borkowski (In re Borkowski)*, 446 B.R. 220 (Bankr. W.D. Pa. 2011); and *In re Pitts*, 354 B.R. 58 (Bankr. E.D. Pa. 2006). As more succinctly stated by *Padilla v. GMAC Mortgage Corp. (In re Padilla)*, 389 B.R. 409, 422 (Bankr. E.D. Pa. 2008), "[a]fter a cure of a prepetition default has been effected through § 1322(b)(5), any subsequent demand for payment of any alleged additional delinquent prepetition charges is inherently inconsistent with the cure of the prepetition delinquency provided for by the confirmed plan."

In the Bankruptcy Court for the Western District of Pennsylvania, Judge Jeffery A. Deller held that res judicata applied to prevent a mortgage creditor from challenging the fact that the prepetition arrears had been paid in full and discharged. *See Miller*, 2007 Bankr. LEXIS 31, at *19. In *Miller*, the Debtor sought to cure and reinstate his mortgage through his chapter 13 plan. No objections to the chapter 13 plan were filed, and the plan was confirmed. The debtor completed all payments as required under the plan. The mortgage creditor in *Miller* had received timely notice of all matters related to plan confirmation. *Id.* at *12. Post-discharge, the mortgage creditor claimed that the arrears were actually much higher than provided in the debtor's plan and commenced foreclosure proceedings due to the alleged delinquency. *Id.* at *8–9. Judge Deller held that the confirmed plan controlled as to the amount of arrears, and that the mortgage creditor was barred by res judicata from asserting any arrearage claim in excess of the arrears scheduled and paid under the chapter 13 plan. *Id.* at *14–15. *Accord*, *McDonald*, 336 B.R. 380; *In re Lee*, No. 16-30416, 2018 Bankr. LEXIS 1382 (Bankr. N.D. Ohio May 8, 2018).

The confirmed chapter 13 plan of the Debtor is res judicata as to the amount of Respondent's mortgage arrears. Debtor included the prepetition arrearages to Respondent in the

6

amount of $4,895.00 in Section 3(a) of her plan, which provided for "Long Term Continuing Debts Cured and Reinstated, and Lien (if any) Retained." Although not expressly stated, it is clear from the plain language of the plan that Debtor elected to cure and reinstate her mortgage pursuant to § 1322(b)(5).

If the arrears as stated in the plan were insufficient to effectuate cure and reinstatement of the mortgage, Respondent was free to object. The plan language put Respondent on notice that Debtor was proposing a *cure* of the arrears in the amount of $4,895.00. Respondent does not contest that it had sufficient notice to object to the plan or to otherwise indicate that the arrears were incorrect. Respondent is in the best position to inform the Trustee and the Debtor as to the amount of the arrears. *See* 2011 Advisory Committee Note to Rule 3002.1 ("In order to be able to fulfill the obligations of § 1322(b)(5), a debtor and the trustee have to be informed of the exact amount needed to cure any prepetition arrearage, see Rule 3001(c)(2), and the amount of the postpetition payment obligations."). In contrast, Respondent now seeks to punish Debtor for incorrectly stating facts that were in Respondent's control. Debtor had no reason to believe the arrears as stated in her chapter 13 plan were incorrect; Respondent filed no proof of claim prior to plan confirmation and failed to object to the plan.

Respondent "elected to rely on [its] lien rights," seemingly so it could pounce on the unsuspecting Debtor with a claim for arrears that Debtor reasonably believes to have already been paid. *See* Respondent's Brief in Opposition, Doc. No. 68, at 6. Such a strategy is not supported by the Bankruptcy Code and flies in the face of the "fresh start" afforded to a Debtor who has completed her case in good faith. Where a creditor fails to take proper action despite proper notice, it must live with the consequences. *In re Miller*, 2007 Bankr. LEXIS 31 at *14,

citing *In re Fili*, 257 B.R. 370, 374 (1st Cir. B.A.P. 2001) (A "creditor who disregards a procedurally proper and plain notice that its interests are in jeopardy does so at its own risk.").

It is uncontested that Respondent will have a valid lien post-bankruptcy. However, the confirmed plan determined, with finality, that the mortgage would be reinstated after arrears in the amount of $4,895.00 had been cured, pursuant to 11 U.S.C. § 1322(b)(5). Res judicata now bars Respondent from claiming a higher amount of arrears. Therefore, to the extent Debtor has completed the plan payments, no claim for arrears remains.

The Court is unpersuaded by the Respondent's reliance on *Woodard v. City of Philadelphia*, 558 B.R. 711 (E.D. Pa. 2016). The liens that survived discharge in *Woodard* were not provided for in the debtor's plan. Therefore, the court made no determination as to the amount of arrears in *Woodard*, nor was it finally determined that the debtor would cure and reinstate the debts pursuant to § 1322(b)(5), in contrast to the facts of the present case. This Court does not disagree with the controlling legal principle that a lien passes through bankruptcy unaffected. However, said principle only applies if the lien is not addressed and treated in some fashion during the course of the bankruptcy case — either by being provided for in a reorganization plan or avoided pursuant to a Code avoidance power. *Thomas v. City of Philadelphia (In re Thomas)*, 497 B.R. 188, 205 (Bankr. E.D. Pa. 2013) (citations omitted).

The Court is also unpersuaded by the Respondent's reliance on *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230 (3d Cir. 2008). In *Mansaray-Ruffin*, the Court held that an adversary proceeding was required to invalidate a lien pursuant to Federal Rule of Bankruptcy Procedure 7001(2), and therefore the debtor could not invalidate the creditor's lien by merely listing the lien as avoided in her chapter 13 plan. The holding of *Mansaray-Ruffin* is inapplicable to the facts of the present case. Unlike the debtor in *Mansaray-*

8

*Ruffin*, the Debtor herein did not attempt to invalidate or modify a lien. Debtor merely sought to cure and reinstate her mortgage pursuant to § 1322(b)(5). An adversary proceeding is not required to effectuate cure and reinstatement of a mortgage under § 1322(b)(5). All that is required to implement § 1322(b)(5) is a chapter 13 plan.[2] If the amount of arrears listed in the plan was incorrect, the proper remedy for Respondent would have been to object to plan confirmation.

Lastly, this Court adopts the holding in *In re Miller*, and finds it applicable to the facts in this case.

## Conclusion

Based on the foregoing, the *Trustee's Objection to Late Filed Secured Claim* will be sustained. The Proof of Claim filed by Respondent at Proof of Claim Number 24 is both untimely and inconsistent with Debtor's confirmed chapter 13 plan. Proof of Claim No. 24 is disallowed in the amount of $5,558.78. The treatment of the mortgage held by Respondent is controlled by Debtor's confirmed plan. To the extent all payments contemplated under the plan have been made, as represented by Trustee Winnecour, the arrears have been cured in full. Therefore, any action or proceeding to collect or enforce a claim for any delinquent prepetition

---

[2] Even if *Mansaray-Ruffin* was otherwise applicable, the U.S. Supreme Court's decision in *United Student Aid Funds, Inc. v. Espinoza*, 559 U.S. 260 (2010) postdates the *Mansaray-Ruffin* decision. *See Wells Fargo Home Mortg., Inc. v. Borkowski (In re Borkowski)*, 446 B.R. 220, at n.7 (Bankr. W.D. Pa. 2011). *Espinoza* stated that the failure to commence an adversary proceeding to discharge student loan debt, as required by the Bankruptcy Rules, did not amount to a violation of due process. Rather, *Espinoza* held that due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present these objections." *Espinoza*, 559 U.S. at 272, citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The *Espinoza* Court found that actual notice "more than satisfied" due process rights. In the present case, Respondent does not argue that notice or service was improper. Instead, Respondent "simply elected to rely on [its] lien rights." *See* Respondent's Brief in Opposition, Doc. No. 68, at 6.

arrears inconsistent with the confirmed and completed plan is disallowed. An Order will be entered consistent with this Memorandum Opinion.

Dated: July 30, 2019

/s/ Carlota M. Böhm
Carlota M. Böhm
United States Bankruptcy Judge

**MAIL TO:**
Office of the United States Trustee
Ronda J. Winnecour, Esq.
Leon Haller, Esq.

FILED
7/30/19 2:44 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA